UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| GARY E. MANUEL, | ) |  |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:11-cv-00222-DBH |
| STATE OF MAINE, | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION

Gary Manuel has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Manuel was convicted of operating a motor vehicle without a license on June 11, 2009. His conviction was affirmed by the Maine Law Court on May 24, 2011. The documents submitted by Manuel reveal little else. The form petition has not been adequately completed and Paragraph 3, "Length of sentence," has been left blank. Some of the supporting documentation filed by Manuel (Doc. No. 1-2) suggests he has a post-conviction fine modification proceeding still pending in the state court that is set for hearing on June 10, 2011. Manuel's habeas petition (Doc. No. 1-1) appears to raise grounds unrelated to fine payment, alleging that someone lied under oath at his trial, denial of representation by counsel, and entitlement to a dismissal because he holds a valid Pennsylvania driver's license. On the form petition Manuel has failed to indicate any grounds for his petition.

I have no reason to believe that Manuel is currently "in custody" for purposes of invoking this court's jurisdiction under 28 U.S.C. § 2241(c). See Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). Nevertheless, even if Manuel is "in custody," it is apparent on the face of the documentation he has submitted that he has not exhausted the remedies available in the courts of the State of Maine within the meaning of 28 U.S.C. § 2254(b)(1)(A). See, e.g., Jackson v.

Coalter, 337 F.3d 74, 85 -87 (1st Cir. 2003). In any event it plainly appears from the petition and the attached exhibits that Manuel is not entitled to relief in the district court at this juncture and accordingly I recommend that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition must be dismissed without prejudice to Manuel's right to file a fully exhausted, timely petition in this court. If Manuel does return to this court after exhausting the available state process he must submit a properly completed form petition in order for this court to fairly consider his entitlement to relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 1, 2011